IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2249-D

| | | |
|---|---|---|
| SHIRIECE HANNAH LOMAX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On December 3, 2025, Shiriece Hannah Lomax ("petitioner" or "Lomax"), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. The court conducts its initial review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. As explained below, the court dismisses the action without prejudice.

I.

Lomax "currently resides on the West Coast, outside the geographic jurisdiction of North Carolina authorities," but she contends that she remains subject to an active domestic violence protective order ("DVPO") and an active criminal contempt case in North Carolina. See [D.E. 1] 1–4. According to Lomax, the DVPO proceedings violated due process. See id. at 5. Moreover, when she appealed a state-court order, an Onslow County judge allegedly violated due process by converting a civil contempt proceeding into a criminal case. See id. Furthermore, her September 18, 2025 arrest allegedly violated the Fourth Amendment. See id. And, while she was incarcerated, jail staff used excessive force, engaged in discriminatory conduct, and denied her

Americans with Disabilities Act accommodations. See id. at 5–6. Finally, Lomax contends that "individuals believed to be connected to NC authorities" are surveilling and stalking her. Id. at 6. Lomax asks the court to "vacate" the criminal contempt case and the DVPO, to enjoin North Carolina from taking further action against her "based on these void orders [sic]," and to declare that her custody, arrest and restrictions violate federal law. Id.

A petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (per curiam); see 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Whether a petitioner is "in custody" under section 2254(a) concerns subject-matter jurisdiction. Maleng, 490 U.S. at 494. The "in custody" requirement is a jurisdictional prerequisite. Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012). Subject-matter jurisdiction cannot be waived. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). The "in custody" requirement is satisfied if a petitioner is actively serving a term of incarceration, probation, parole, or supervised release under the challenged judgment. See Jones v. Cunningham, 371 U.S. 236, 242 (1963). The requirement is not satisfied if a sentence has fully expired. See Wilson, 689 F.3d at 336.

Lomax does not plausibly allege that she was "in custody" under a state court judgment when she filed this petition, and the court lacks subject-matter jurisdiction to consider the challenge on the merits. See Maleng, 490 U.S. at 490, 494; Wilson, 689 F.3d at 336; see also McKnight v. South Carolina, No. 2:15-CV-3149-MBS-MGB, 2016 WL 4154687, at *4 (D.S.C. June 20, 2016)

2

(unpublished), report and recommendation adopted, 2016 WL 4123699 (D.S.C. Aug. 3, 2016) (unpublished).

Additionally, "habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489 (1973) (quotation omitted); see Younger v. Harris, 401 U.S. 37, 43 (1971). In Braden, the Supreme Court allowed a pretrial detainee's habeas petition to proceed because the petitioner "was not attempting to litigate the merits of an affirmative defense to his state prosecution. Rather, [that] habeas petition simply asked the federal courts to enforce the state's obligation to provide him with a state court forum." Brown v. Ahern, 676 F.3d 899, 902 (9th Cir. 2012) (cleaned up).

Lomax does not plausibly allege a deficiency in the state judicial process that qualifies as a "special circumstance" under Braden, and her alleged unlawful arrest, excessive force, discrimination, and conditions-of-confinement claims are more appropriately addressed in a civil rights lawsuit, not a habeas petition. Cf. Wallace v. Kato, 549 U.S. 384, 392–94 (2007); Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973); Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978).

Reasonable jurists would not find the court's treatment of Lomax's petition debatable or wrong, and the petition does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

3

## II.

In sum, the court DISMISSES WITHOUT PREJUDICE the petition [D.E. 1] and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 23 day of March, 2026.

JAMES C. DEVER III
United States District Judge

4